THE CITY OF ST. LOUIS, *Appellant*, v. FRANKS.

Opening of Streets. The city charter provides that "no street shall be extended nearer than 500 feet to a street already opened, where the street runs north and south, except on the unanimous recommendation of the Board of Public Improvements." *Held*, that the unanimous recommendation of the board is in the nature of a jurisdictional fact without which the municipal assembly has no power

to order the extension of a north and south street nearer than 500 feet to a street already opened, and without affirmative proof of which no proceeding for such an extension can be sustained.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

*Bereman & Mason* for respondent.

HENRY, J.—This was a proceeding commenced in June, 1878, in the St. Louis circuit court, to open Rosatti street, under an ordinance of the city. Rosatti street runs north and south, parallel with Second Carondelet avenue, and within 200 feet of said avenue.

Section 1, article 6, of the city charter provides : " That no street shall be extended nearer than 500 feet to a street already opened, where the street runs north and south, except on the unanimous recommendation of the Board of Public Improvements, submitted in writing to the assembly, and by it approved." There was no evidence to show that said board ever recommended the extension of this street ; but it is contended by the city, that from the fact of the passage of the ordinance by the assembly, a prior compliance with all the requirements necessary to its validity is to be presumed. This was the opinion of the circuit court, but, on appeal to the court of appeals, that court held otherwise, and reversed the judgment, and the city has prosecuted her appeal to this court.

The power of eminent domain, as is said by Judge Dillon, in his work on Municipal Corporations, " is a tremendous power and one which is without theoretical limits, and, indeed, without any legal limitations, except such as may exist in written organic restraints upon legislative action." Vol. 2, § 453. Again he says : " In construing statutes or charters delegating the power of eminent domain, and pointing out the mode of exercising it, it is the

duty of the judicial tribunal to insist that every provision intended for the benefit of the owner shall be complied with before he shall be divested of his property. Except so far as the mode of procedure is ordained by the constitution, it is competent for the legislature to prescribe it, and the mode prescribed must, as we have seen, be strictly and guardedly pursued, although unreasonable nicety should not be, and is not, required."

The recommendation of the Board of Public Improvements, required by the charter, is of the nature of a jurisdictional fact. The ordinance providing for the extension of Rosatti street was in substance and effect, the initial step in a judicial proceeding, to divest the owners of the land proposed to be taken of their title. No proceeding for this purpose could have been commenced until the passage of the special ordinance. An ordinance providing for the condemnation of property for the extension or opening of a street, is not like one passed under a general grant of discretionary power, as for instance, to pass ordinances relating to the health, comfort, morals, general welfare and good order of the inhabitants. Such laws directly affect all the inhabitants, and operate alike upon all, but the exercise of the power of eminent domain principally concerns the citizen whose property is to be taken; the exercise of this power by the city is forbidden, in the extension of streets, unless the extension be recommended by the Board of Public Improvements. The previous concurrence of that board is as essential to the validity of the ordinance as its enactment by the assembly. The recommendation of the board is the authority, under the city charter, by which the assembly institutes the proceeding. It is a special power confined to the assembly, to be exercised only on certain conditions precedent, the observance of which the city must show in establishing her right to extend the street.

The judgment of the court of appeals, all concurring, is affirmed.