CITY OF SAVANNAH, *Appellant*, v. HANCOCK.

1. **Constitution**: CONDEMNATION PROCEEDING : JUDICIAL QUESTION. Under the present constitution (sect. 20, art. 2) it is the duty of the courts, in proceedings to condemn private property for public use, to determine whether or not the use is a public one, without regard to any legislative assertion on the subject.

2. ———— : ———— : ———— : JURY. Whether or not the use is a public one is a question to be determined by the court, and is not one for submission to a jury.

*Appeal from Andrew Circuit Court.*— HON. H. S. KELLEY, Judge.

REVERSED.

*David Rea* for appellant.

. Instruction number three should not have been given, because of the submission thereby to the jury of the question of public use, and even if that question was

rightly submitted, the instructions given by the court erroneously stated the law to the jury.

*Giddings & Sanders* for respondent.

The only power the commissioners had, under this provision of the constitution, was to assess damages, after the property had been constitutionally condemned for public use, without any right in them to condemn private property for public use. These provisions of the state constitution conclusively show that the proceedings of the board of aldermen, in condemning and seizing defendant's private property, without notice to defendant, were unconstitutional, illegal and void.

BLACK, J.—The plaintiff is a city of the fourth class, under the general laws of this state. The mayor and aldermen passed an ordinance establishing an alley in block twenty-three, on property owned by defendant, in the rear of a row of business houses fronting upon one of the streets. The ordinance declares that the property taken "shall thereafter be and remain a public alley, in all respects, in the city of Savannah." Commissioners were appointed to assess damages to defendant for the property ; and to their report he filed exceptions, in the circuit court, under the provisions of section 4940, Revised Statutes. On trial, the circuit court instructed the jury that, whether the contemplated use was really a public use, was a question for them to determine, and for their guidance, various instructions were given in that behalf ; verdict for defendant.

The only matter which we need consider is, whether this question should have been submitted to the jury at all. Section 20, article 2, constitution of 1875, provides "that, whenever an attempt is made to take private property for a use alleged to be public, the question

whether the contemplated use be really public, shall be a judicial question, and, as such, judicially determined, without regard to any legislative assertion that the use is public." As this is a new section, not found in any of the former constitutions of this state, it may be well to look to the state of the law before its adoption. In *County Court of St. Louis v. Griswold*, 58 Mo. 175, which was a proceeding to condemn property for a park, these propositions of law were clearly asserted : (1) that, when it was once seen that the land sought to be appropriated under the power of eminent domain is for a public use, then the legislative authority over the subject cannot be supervised or restricted by the courts ; (2) that, where it is plainly seen that there is an attempt to procure the condemnation of property for private use, then the courts will declare the law void. It is, also, there said, if it is doubtful or questionable whether the use is public or not, testimony may be heard to determine the fact. These same principles of law had been previously laid down in the case of *Dickey v. Tennison*, 27 Mo. 373, where it is said : "As we may determine, from the act authorizing the improvement, whether the property directed to be taken is for public use, there is no reason why the same means should not be resorted to, in order to ascertain whether it is not for a private use." Accordingly, the court, in that case, looked into the act, which was one to establish a "neighborhood road," and from the various provisions declared it an effort to take private property for private use, and, therefore, unconstitutional and void. It will thus be seen that the question whether the use for which the property is about to be taken is a public use, has already been regarded, in this state, as a judicial question, a question which the courts would for themselves decide. Notwithstanding this, it is undeniably true, that the courts were disposed to defer somewhat to a legislative declaration upon the subject. Hence, it is

said, if the legislature has declared the use, or purpose, to be a public one, its judgment will be respected by the courts, unless the use be palpably private. Dill. Mun. Corp. [ 3 Ed. ] sec. 600 ; Mills on Em. Dom., sec. 10, is to the same effect.

Now the constitutional provision of this state, before quoted, makes it the duty of the courts to determine whether the use be a public use, or not, without any regard to a legislative assertion upon the subject. They are freed from the influence of any expressed judgment of the legislature in that behalf, and enjoined to determine the question, wholly regardless of what that branch of the state government asserted upon the subject. The method, however, by which the courts determine whether the use is a public use, remains the same as before. Neither the constitution, nor any statute, requires that question to be submitted to a jury. The courts will decide the question without the aid of a jury. In most cases there is, and can be, no fact for the jury to determine. Statutes often require a finding by the court or commissioners, that the proposed improvement is necessary for the public convenience ; but that is another and a different question from the one whether the use is really public. In the present case, the mayor and aldermen have ample power, by ordinance, to establish new streets and alleys and to cause property to be condemned therefor. The alley in question is opened, as the ordinance says, for the purpose of grading and improving the same, and is to be and remain a public alley, in all respects. All this is done at the public expense, and the alley becomes a part of the system of streets and alleys of the city. That the use is a public one is manifest on the face of the record. Dill. on Mun. Corp. [ 3 Ed.] sec. 595. The court should have so ruled without submitting any such issue to the jury. The use being public, the necessity of exercising the power to

condemn is, by the law, left to the judgment of the mayor and aldermen.

The judgment is, therefore, reversed and the cause remanded. Brace, J., absent; the other judges concur.