THE ST. JOSEPH TERMINAL RAILROAD COMPANY v. THE
HANNIBAL & ST. JOSEPH RAILROAD COMPANY
et al., *Appellants*.

1. **Appeal**: INTERLOCUTORY JUDGMENTS. An appeal will not lie from a decision of the trial court on a motion which does not involve a final disposition of the case, nor from judgments interlocutory in their character.

2. ———: ———: CONDEMNATION PROCEEDING. The order appointing the commissioners in a proceeding to condemn property for railroad purposes is interlocutory in its character and an appeal will not lie therefrom.

3. Condemnation Proceedings: PUBLIC USE. It is open to the trial court, in proceedings to condemn property for public use, to determine whether the use sought to be made is really a public one. This may involve the hearing of evidence, though ordinarily it does not.

4. ———: PRACTICE. If any valid objections to the condemnation exist in point of fact, but do not appear on the face of the petition, they may be interposed by any appropriate pleading, and if necessary to a full consideration of the issue, evidence may be heard.

5. ———: SUPREME COURT. The Supreme Court will review the rulings of the trial court on the questions arising in a proceeding to condemn property for public use when the whole case is before it on appeal or writ of error.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Special Judge.

APPEAL DISMISSED.

*Strong & Mosman* and *Huston & Parrish* for appellants.

(1) It must be borne in mind that the courts apply the strictest rules of construction in ascertaining the rights of parties in proceeding under a statute delegating the power of eminent domain. Corporations take nothing as against the king, the state, or the public, by implication. *City v. Railroad*, 13 Mo. App. 530; *Railroad v. Marion Co.*, 36 Mo. 303. Everything is essential which the law has said should be done, before this high prerogative right can be carried out and enforced. *Leslie case*, 47 Mo. 477; *Anderson v. City*, 47 Mo. 484–5; *Shaffner v. City*, 31 Mo. 272; *Cunningham v. Railroad*, 61 Mo. 35–6. (2) A statute purporting to confer the power of condemning lands upon corporations incorporated under the laws of the state, is

clearly not intended to apply to self-constituted corporations having no legal right to exist. Morawetz on Corp., sec. 768 ; *Hopkins v. Railroad*, 79 Mo. 100 ; *In re Railroad*, 72 N. Y. 245. (3) A corporation attempting to exercise the power of eminent domain is bound to show affirmatively, that it is invested with the right to exercise the power. (4) Not only must it show that it is invested with the power of eminent domain, but, also, that it is authorized to make use of this power to condemn lands for the particular use which it proposes to make of the lands it is seeking to obtain. *Rensalaer v. Davis*, 43 N. Y. 146-7. (5) A 'corporation exercising this power, must show whether it does so in virtue of an express grant authorizing it to appropriate the particular land described, or only by force of a grant in general terms, clothing it and all similar corporations with the same power. (6) The property of a railroad corporation is, doubtless, subject, generally speaking, to the power of eminent domain. But the law has thrown around the property of a railroad corporation that is devoted to a public use, a protection, as against the exercise of this power, which does not exist in favor of property not devoted to such uses. *In re City of Buffalo*, 68 N. Y. 167 ; *Bridgeport v. Railroad,* 36 Conn. 265 ; *In re Railroad*, 53 N. Y. 574; *Railroad v. Trustees*, 43 Ill. 303 ; *State v. Mont Clair*, 35 N. J. L. 328 ; *Railroad v. Railroad*, 11 West. Rep. 133 ; *Railroad's Appeal*, 93 Pa. St. 150 ; *Railroad v. Railroad*, 124 Mass. 368. (7) A statute which, in general terms, vests in all corporations that may be formed under the general laws of the state the power to exercise the right of eminent domain, will not authorize such corporations to exercise this power in order to appropriate lands already devoted to a prior public use. *Commonwealth v. Railroad*, 14 Gray, 95 ; *Railroad v. Railroad*, 124 Mass. 372. (8) An exception to this rule is recognized where there is a necessity for such an appropriation, and the appropriation is only

partial, and only results in mere inconvenience to the public enjoying the prior use, and the person or corporation operating and owning the same, without substantial damages flowing therefrom, but the necessity which justifies this appropriation must be a necessity so absolute, that, without it, the grant itself would be defeated. *Railroad's Appeal*, 93 Pa. St. 150 ; *Railroad v. Railroad*, 124 Mass. 370 ; *Railroad v. Trustees*, 43 Ill. 307 ; *Leslie v. City*, 47 Mo. 477 ; *Anderson v. City*, 47 Mo. 484. (9) A corporation takes all of its powers upon the implied condition that it will make use of the same in a reasonable manner, and with due regard to the property rights and interests of others. *St. Louis v. Weber*, 44 Mo. 530 ; *Railroad v. Church*, 108 U. S. 331 ; *Tinsman v. Railroad*, 26 N. J. L. 148. (10) Under our statute, lands which belong to "any corporation," cannot be appropriated to public use by a railroad company when such appropriation, if effected, would materially interfere with the uses to which the corporation holding the property is authorized to put such property. R. S., 1879, sec. 899. (11) The doctrines announced in the preceding paragraphs give rise to the questions which must necessarily be presented to, and determined by, the court to which the petitioner presents the application for the appointment of commissioners. No good reason can be assigned why that court should not decide all questions arising upon such application. *Boutelle v. Warne*, 62 Mo. 350 ; *Lake Shore case*, 96 Ill. 125 ; *Railroad v. Railroad*, 11 West. 133 ; *Matter of Buffalo*, 68 N. Y. 167 ; *Railroad v. Railroad*, 10 Am. & Eng. Ry. Cas. 444 ; *Rensalaer v. Railroad*, 43 N. Y. 146-7 ; *Railroad v. Cornell*, 10 Am. & Eng. Ry. Cas. 110 ; *Railroad v. State*, 34 Minn. 227 ; *Railroad v. Hemphill*, 35 Miss. 17. (12) The judgment rendered is a final judgment of condemnation as to the property of these defendants, appropriating the same to respondent's use, and fully and finally determining, as against these defendants,

the right of the respondent to take the same. This right could not again be called in question in the course of any subsequent proceedings. *McCrary v. McCrary,* 58 Mo. 447. (13) In all the states having similar statutes, it is uniformly held that the order condemning or appropriating property taken for a public use, is a final judgment from which an appeal will lie. *Rensalaer v. Davis,* 45 N. Y. 146–7; *Matter of Railroad,* 70 N. Y. 191; *Railroad v. Kipp,* 46 N. Y. 546; *In re Railroad,* 63 N. Y. 335; *Railroad v. Hemphill,* 35 Miss. 17; *Railroad v. State,* 34 Minn. 227; *Railroad v. Cornell,* 10 Am. and Eng. Ry. Cas. 110; s. c., 149 Wis. 162; *Railroad v. Railroad,* 10 Am. and Eng. Ry. Cas. 466; *Evans v. Hoffner,* 29 Mo. 151. (14) The fact that the court ignored the issue, refused to hear evidence, and gave judgment on the averments of the petition, alone, does not render said judgment void. *Ferguson v. Sewall,* 1 Mo. 256; *Ervin v. Brady,* 48 Mo. 561; *Caskelman v. Relfe,* 50 Mo. 587; *Dilworth v. Rice,* 48 Mo. 124; *Maxwell v. Stewart,* 22 Wallace, 79; *Pickering v. Templeton,* 2 Mo. App. 431. (15) As the court had jurisdiction of the subject-matter, and of the person of the defendants, no matter how erroneous or irregular the decision of the court may be, such judgment must be regarded as valid and binding until reversed or annulled by suitable proceedings, and the remedy by injunction is not available to defendants. *Johnston v. Beasley,* 65 Mo. 264–5; *Hotel Ass'n v. Parker,* 58 Mo. 329; *Railroad v. Railroad,* 96 Ill. 125; *Kelley v. Hurt,* 74 Mo. 571; *Evans v. Hoffner,* 29 Mo. 148; *Secombe v. Railroad,* 23 Wall. 118.

*Ramey & Brown* for respondent.

(1) The order appointing commissioners did not constitute a final judgment or decision of the court, but left the cause still pending. From such an order an

appeal will not lie. R. S., sec. 3710; *Davis v. Perry*, 46 Mo. 449; *Anderson v. Moberly*, 46 Mo. 191; *Jones v. Snodgrass*, 54 Mo. 597; *Ferguson v. Ferguson*, 36 Mo. 197; *How v. State*, 9 Mo. 690; *Tanner v. Irwin*, 1 Mo. 65; *Harrison v. Rush*, 15 Mo. 175; *Railroad v. Fire Brick Co.*, 85 Mo. 307; *Railroad v. Railroad*, 28 Kas. 453; *Richard v. Railroad*, 18 Iowa, 260. (2) The appellants have ample remedy to prevent the appropriation of their property in violation of law, in a direct proceeding for that purpose. *Burns v. Railroad*, 9 Wis. 420, 425; *Stringham v. Railroad*, 33 Wis. 471; 1 Rorer on Railroads, 293, 304, 434.

BLACK, J. — The plaintiff, a railroad corporation organized under the laws of this state, commenced these proceedings in the circuit court of Buchanan county to condemn property of divers persons and corporations for a right of way. The defendants, The Hannibal & St. Joseph Railroad Company and The Kansas City, St. Joseph & Council Bluffs Railroad Company, appeared pursuant to notice, and made numerous objections. They first insisted that Mr. Woodson, who was presiding and holding the court as special judge, had no warrant or authority in law to hold the court; that his election as a special judge by the members of the bar was illegal for various reasons. These objections being overruled, these defendants then filed their plea, stating that there were other persons interested in the property owned by them, who should be made defendants, and asking that they be brought in; and also setting up various reasons why their property should not be condemned or subjected to plaintiff's use. The defendants offered, but were denied the right, to make proof of the matters set up in this plea. Without any hearing of the matters thus presented, and upon the showing made by the petition alone, the court appointed commissioners to assess damages; and thereupon these defendants filed a motion

for a rehearing, which was overruled. They then filed their bill of exceptions, and prayed an appeal; the appeal was denied by the circuit court, but allowed by one of the judges of this court.

The case is now before us on the motion of the plaintiff to dismiss the appeal, because there was no final order or judgment in the case from which an appeal could be taken. These proceedings are prosecuted under article 6, of chapter 21, Revised Statutes of 1879. The procedure there pointed out is, in substance, as follows: The plaintiff must present a petition to the circuit court, or to the judge thereof in vacation. Summons is then issued, giving the owner at least ten days notice "of the time when said petition will be heard." The court, or judge in vacation, being satisfied that notice has been given, "shall appoint three commissioners" to assess the damages. They are to view the property, and return, under oath, their assessment of damages to the clerk of the court. The company must then pay the damages assessed to the clerk for the party to whom they are awarded by the commissioners. If the damages are not paid to the clerk, the court may, upon motion, and notice, order execution to be issued upon the award; unless the plaintiff elect to abandon the proposed appropriation. Section 896, Revised Statutes, 1879, makes it the duty of the clerk, upon the filing of the commissioners' report, to give notice thereof to the persons whose property is affected. This report may be reviewed by the court upon written exceptions filed by either party, and the court may make such order thereon as justice may require, and may order a new appraisement, and that the damages may be assessed by a jury at the request of either party; "but notwithstanding such exceptions, such company may proceed to * * * construct said road or railroad; and any subsequent proceedings shall only affect the amount of compensation to be allowed."

The statute ( sec. 3710 ) gives to "every person aggrieved by any final judgment or decision of the circuit court, in any civil cause," a right to make his appeal to the court having appellate jurisdiction.  The judgment or decision from which an appeal may be taken must be final ; it must be that judgment or decision which determines finally the rights of the parties to the action.  An appeal will not lie from decisions of the court on motion which do not involve a final disposition of the cause ; nor from judgments interlocutory in their character. Cases cannot be brought to this court by appeal or writ of error in detached portions.  Thus an appeal will not lie from the judgment of the court, sustaining a demurrer to one of several defences set up in an answer (*Anderson v. Moberly*, 46 Mo. 192) ; nor from a judgment in a suit for the assignment of dower, that plaintiff be endowed and for costs (*Strickler v. Tracey*, 66 Mo. 465) ; nor from a judgment that partition be made accompanied with an order of sale.  *Turpin v. Turpin*, 88 Mo. 339.  Where, in these proceedings to condemn property, there is a final. disposition of the exceptions, filed to the report of the commissioners, an appeal will lie.  *St. Louis & San Francisco Railroad Co. v. Evans*, 85 Mo. 307.  Now, in this case, the motions overruled were but preliminary steps taken by the defendants. The order appointing the commissioners was interlocutory in its character ; and it is perfectly clear that an appeal will not lie at that stage of the proceedings. There has been no final determination of the rights of the parties.

The circuit court seems to have supposed that its powers under the statute were limited to an investigation of such questions as relate alone to the amount of damages ; and this is the position taken by the respondent, to which we do not agree.  It is open to the trial court, in these proceedings, to condemn property for public use, to determine whether the use sought to be

made of the property is really a public use. *City of Savannah v. Hancock*, 91 Mo. 54. This may involve the hearing of evidence, though ordinarily it does not. Again, the law denies to a telegraph company the right to appropriate the land upon which certain buildings are situated, and to a railroad company the right to appropriate more than a defined quantity of land for depot purposes; and it restricts the use to which one corporation may subject the property of another. If it appears on the face of the petition that the petitioner seeks to violate any of these provisions of the law, the petition should be rejected. If these or any other valid objections to the condemnation exist in point of fact, but do not appear on the face of the petition, they may be brought forward and interposed as a defence by any appropriate pleading; and, if necessary to a full consideration of the issue, evidence may be heard. It has been the constant practice to present these and kindred questions in the circuit court, and of this court to review the rulings thereon when the whole case is before the court on appeal or writ of error. *Lind v. Clemens*, 44 Mo. 540; *City of Hopkins v. Railroad*, 79 Mo. 98; *County Court v. Griswold*, 58 Mo. 189; *City of St. Louis v. Franks*, 78 Mo. 41.

It is true the statute makes no specific provision for raising these or like issues, but it is utterly unreasonable to say that the defendant must be notified when the petition will be heard, and yet, when he appears, he cannot be heard to show that the petitioner has no right to condemn the particular property for the alleged use. Nor is it a sufficient refutation of the right and duty of the trial court to hear and determine such questions to say or even show that the defendant has a remedy by injunction to prevent the appropriation of his property in violation of law. The policy of our code and of the body of the statute law is, to have all matters arising out of one controversy settled in a single suit. We do

not say that these objections, going to the right of the petitioner to condemn the particular property in question, must be made before commissioners are appointed ; but we make these general observations because the trial court has misconceived the scope of its powers and duty, leaving particular questions of practice to be determined when presented by the record.

The motion to dismiss the appeal is sustained. Sherwood, J., absent ; the other judges concur.