The City of Kansas v. Baird.

THE CITY OF KANSAS v. BAIRD *et al.*, *Appellants*.

1. Condemnation Proceeding: CITY OF KANSAS: ASSESSMENT OF DAMAGES. In a condemnation proceeding under sections 3 and 6, article 7, of the charter of the City of Kansas, while the jury should not be told that they may disregard the evidence, they may give to it such weight as they may think it entitled to receive, and in fixing the damages and benefits may also act upon their own knowledge and judgment.

2. ———— : CONSTITUTION : JUDICIAL QUESTION. In proceedings to condemn private property for public use, it is the duty of the courts, under the constitution, to determine whether or not the use is a public one, without regard to any legislative declaration on the subject.

3. ———— : PRACTICE : PUBLIC NECESSITY : CHARTER OF CITY OF KANSAS. The question of the present public necessity for the condemnation of private property for public use is not to be tried in a condemnation proceeding, unless the statute requires it, and there is no such requirement in the charter of the City of Kansas, the question of whether a given public street shall be opened or not being confided to the common council.

| 98 | 215 |
|----|-----|
| 105 | 582 |
| 98 | 215 |
| 106 | 632 |
| 98 | 215 |
| 110 | 386 |
| 98 | 215 |
| 124 | 138 |
| 98 | 215 |
| 128 | 294 |
| 98 | 215 |
| 129 | 618 |
| 98 | 215 |
| 147 | 274 |
| 147 | 282 |
| 98 | 215 |
| 157 | 468 |
| 157 | 474 |
| 157 | 476 |

4. ———: ———: KANSAS CITY: IMPASSABILITY OF STREET. The question whether a street, when opened, would be impassable for travel and use is not relevant in a condemnation proceeding to open it, where there is no evidence that it could not be made so.

5. ———: ———: ———: BENEFITS. The council of the City of Kansas has the power and must under section 6 of its charter (Laws 1875, p. 245) define the limits within which private property shall be deemed benefited by the opening of a street, but it cannot assess damages or benefits; these questions are left to the jury, and it is for them to say whether or not a particular lot within the prescribed limits is benefited at all.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*F. L. Wilkinson*, appellant, *pro se* and for appellant Egelhoff.

(1) Condemnation proceedings, upon appeal, are to be tried as other cases, the same rules of evidence apply, and in awarding damages and assessing benefits the jury should no more be instructed to be "guided by their own judgment," than in the trial of ordinary cases where similar questions are involved. City Charter, art. 7, sec. 6; *County Ct. v. Griswold*, 58 Mo. 199; Redf. on Railways (2 Ed.) p. 143, sec. 12. (2) A legislative construction of the constitution is not binding on the judiciary and a city ordinance may be shown to be unreasonable and for that reason alone is a nullity and cannot be enforced. *Corrigan v. Gage*, 68 Mo. 541; *River Rendering Co. v. Behr*, 77 Mo. 100; *City of Cape Girardeau v. Riley*, 72 Mo. 220. (3) It is the solemn duty of courts to set aside the verdict of juries whenever it is manifest that through ignorance, favor, partiality or other motive, injustice has been done to the rights of litigants whose cause is to them submitted. *Railroad v. Campbell*, 62 Mo. 585; *Nicholson v. Couch*, 72 Mo. 209; *Watson v. Harmon*, 85 Mo. 446; *Garrett v. Greenwell*, 92 Mo. 125.

*Scarritt & Scarritt* for appellant Estill.

(1) The verdict of the jury shows that a large amount of the property included by the common council within the benefit district was not assessed by the jury with any benefits whatever. This is a fatal error (2) The common council alone has the power to prescribe the limits within which property is benefited. Acts, 1875, p. 244, sec. 2. (3) And the jury has no right to say in its verdict that property within the district prescribed by the ordinance is not benefited at all. The finding of the council is a judicial determination that all property within the limits prescribed is benefited, and such finding is final and conclusive upon the jury. The jury's duty is to apportion the amount of damages "against the several lots and parcels of private property deemed benefited" by the common council, and if it fails to do so the verdict is void. Acts, 1875, p. 245, sec. 3 ; *People v. Lynch,* 51 Cal. 15 ; *Weeks v. Milwaukee,* 10 Wis. 263 ; 2 Desty on Taxation, p. 1332.

*R. W. Quarles* and *W. A. Alderson* for respondent.

The charter provision directly recognizes that some of the property within the prescribed district may not be benefited, in the opinion of the jury, and, hence, only the property assessed with benefits need be described. In the case at bar, however, the verdict contains a description of all the property within the territory described in the ordinance ; and the verdict shows that the jury considered the question of benefits to every lot or parcel of ground ; and believing that some of the property would be benefited by the proposed improvement, the jury so found.

BLACK, J.—This was a proceeding by the city of Kansas to widen and extend Broadway street from Twenty-third street south to city limits. The defendants are persons whose property was condemned by the

ordinance and persons who own property within the district over which benefits were to be assessed. There was a trial anew in the circuit court, and from the judg- ment of that court, confirming the verdict of the jury, two of the defendants, namely, Wilkinson and Egelhoff, appealed. The appellants are owners of property taken and of property assessed with benefits.

The circuit court, in its instructions to the jury, told them that in assessing damages and benefits they had the right to and would be guided by all the evi- dence in the case "as well as their own judgment." It is to the quoted words that appellants object. By the charter of the City of Kansas, the jury in these cases must consist of six householders of the city, and are to be selected by the judge of the circuit court. Parties interested may submit proof to the jury, and the latter shall examine personally the property to be taken and assessed. (Art. 7, secs. 3, 6, Acts of 1875, pp. 245, 247.) These charter provisions show clearly enough that in making up their verdict the jurors are to be guided by their own judgment as to damages and benefits, as well as by such information as they get from witnesses. For this reason freeholders of the city are selected. The law seeks to get persons to perform this jury duty who are familiar with values. Why send them to examine the property unless it be that they are to make use of the information thus acquired? The jury should not be told that they may disregard the evidence before them. *City of Kansas v. Hill*, 80 Mo. 523. But they may give to the evidence such weight as they believe it entitled to receive ; and in fixing the damages and benefits, they may also act upon their own knowledge and judgment. The instruction is in accord with what has been said and with the ruling in the recent case of *City of Kansas v. Butterfield*, 89 Mo. 646.

From this record there can be no doubt but this is a proceeding to widen and extend one of the public highways of the City of Kansas, and the use to which

the city seeks to put the property is a public not a private one, and so the court ruled. The whole record shows that the use is a public one, and that is sufficient. But if we understand counsel for the appellants, he insists that there is no finding that there is any public necessity for the present widening and extending of this street. When a question arises whether the use is really a public one, it is the duty of the courts to determine that question ; and this they must do, under our present constitution, without any regard to a legislative declaration that the use is public. But it appearing that the proposed street is for public use, the question of the present public necessity for it, is not a question to be tried in the proceeding to condemn property, unless the statute makes it the duty of the court or jury to pass upon that question. *City of Savannah v. Hancock*, 91 Mo. 54. There is nothing in the charter of the City of Kansas which makes it the duty of the trial court to pass upon or submit any such question to the jury. Whether a given public street shall be opened or not, is a matter confided to the common council, and that body determines the question by the passage of an ordinance for the opening of the street and the condemnation of property therefor.

Further complaint is made because the court refused to instruct the jury that if the street, when opened, would be impassable for travel and use, then the jury should assess no benefits to adjoining land. The evidence does show that the street passes over a rough and broken country, and that if no work is done upon it, when opened, it will be useless, but we are at a loss to see what that has to do with the validity of this condemnation. There is no evidence that the street cannot be made passable, and the very object of this proceeding is, that the city may acquire the property and then bring the street to a reasonable grade.

We find no merit in this appeal ; and the judgment is affirmed. All concur.

## On Rehearing.

BLACK, J.—A question is made on this motion which was not before considered, because the briefs presenting it were not then before us. The verdict of the jury shows that a number of parcels of land within the assessment district were not charged with benefits but the verdict as to each is, "benefit nothing;" and because these parcels were not assessed with same amount, it is urged there is fatal error on the face of the record,

The city charter provides that the common council "shall determine and prescribe the limits within which private property shall be deemed benefited by the proposed improvement, and be assessed and charged to pay compensation therefor." The charter makes it the duty of the jury to assess the damages for the property taken. To pay these damages the jury must then assess against the city the benefit to the public generally, "and against the several lots and parcels of private property deemed benefited, as determined according to the last section, by the proposed improvement, the balance of such compensation; each lot or parcel of ground to be assessed with an amount bearing the same ratio to such balance as the benefit to each lot or parcel bears to the whole benefit to all the private property assessed.  *  *  *  The verdict of the jury shall be signed by each juror and delivered to the mayor, and contain a correct description of each lot or parcel of property to be taken, the names of the owners or claimants, and the value thereof, and also the amount assessed against the city, together with a correct description of each lot or parcel of private property assessed, the amount assessed against the same, and the names of the owners thereof." Laws, 1875, p. 245, sec. 6.

The argument is, that the finding of the council is a judicial determination that *all* property within the

defined limits is benefited, and that the jury has nothing to do but apportion these benefits. This we think is a very technical construction of the words " determine and prescribe the limits within which private property shall be deemed benefited." The law must be taken in its entirety. The council has the power and must define the assessment district. The council does not nor can it assess damages or benefits. These questions are left to the jury. The damages for property taken being fixed, and the benefits to the public at large deducted, the jury have the amount to be raised by assessment against private property. Now how can the rule of apportionment declared by the statute be applied until the actual benefits are assessed both as to all the property and as to each parcel? If the jurors must determine the benefits, then it is for them to say whether a particular lot is benefited at all or not. The council must determine the boundaries of the benefit district, but the error of the argument made for the appellants is in assuming that *all* property in the district must be assessed. Whether it must all be assessed depends upon the fact whether it is all benefited, and that is a question for the jury.

This case is not to be confounded with those cases of assessments for local improvements where the assessment is made according to front feet. Such was the case in *People v. Lynch*, 51 Cal. 15. Nor with those cases where the assessment is to be made according to the value of the property fronting on the street.

We see nothing which calls for a rehearing of this case, and the motion is overruled. SHERWOOD, J., absent; the other judges concur.