THE CITY OF ST. LOUIS v. THOMAS *et al.*; WETZEL *et al.*, *Appellants.*

Appellate Practice: PREMATURE APPEAL: OPENING ALLEY: ST. LOUIS CITY CHARTER. An appeal cannot be taken, before action by the court on the report of the commissioners, in a proceeding under the St. Louis city charter to open an alley through the premises of an individual.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

APPEAL DISMISSED.

*W. E. Fisse* and *Henry Kortjohn* for appellant, Hugo F. Thomas.

(1) An appeal can only be taken from a final judgment. R. S. 1879, sec. 3710. (2) The trial court never rendered a judgment confirming said report of commissioners, and could render no such judgment until the matter was reported to municipal assembly for approval. R. S. 1879, sec. 4519. (3) No rights vested, and the judgment remained in the breast of the court until a judgment was rendered confirming the report of commissioners. *Whyte v. City of Kansas*, 22 Mo. App. 409.

*E. T. Farish* for appellants.

In proceedings to condemn property for street opening the same rule in respect to the right of appeal exists as in condemnation proceedings brought by a railroad or other corporation, under chapter 21, article 6, Revised Statutes, 1879, page 160. There, as here, exceptions may be filed, and if overruled or sustained an appeal lies and may be taken by the aggrieved party. *Railroad v. Brick Co.*, 85 Mo. 322; *Railroad v. Lackland*, 25 Mo. 527; *Bridge Co. v. Shaubacker*, 49 Mo. 555; *Long v. Bridge Co.*, 57 Mo. 496; *Railroad v. Campbell*, 62 Mo. 585. Upon the same principle an appeal will lie to the action of a trial court upon the motion requiring the sheriff to pay over money in satisfaction of an execution. *Wise v. Darby*, 9 Mo. 132. And to the same effect *Slagel v. Murdock*, 65 Mo. 522. The order of the circuit court overruling the exceptors' exceptions was a final judgment or order, and as such may be appealed

from within the meaning of section 3710, Revised Statutes, 1879. It is not an interlocutory judgment merely, but it is a judgment disposing of the substantial rights, to all intents and purposes, of the exceptors.

*Leverett Bell* and *C. S. Broadhead* for respondent.

BRACE, J.—This was a proceeding in the circuit court of St. Louis to open through the premises of the defendant, Thomas, an alley seventy feet, two and one-third inches long by sixteen feet wide.

The premises of Thomas are situate in block six hundred and ninety-five in said city, and extend from the east to the west side of said block, along the south line thereof. Previous to the institution of this suit an alley sixteen feet wide running north and south had been dedicated and opened through this block from Miller street on the north southwardly to the north line of Thomas' premises and these proceedings were instituted to extend the alley south seventy feet, two and one-third inches through the Thomas property to Barry street, on the south side of said block.

The commissioners by their report valued the strip of ground thus proposed to be taken with the improvements thereon at the sum of eight hundred and twenty dollars, and to pay for the same assessed benefits against each of the owners of the ground in said block, including said Thomas, abutting along the entire line of the alley from Miller to Barry street to pay the same. The defendants, owners of the land abutting on the said alley other than the said Thomas, excepted to the report of said commissioners apportioning the benefits aforesaid to each of them, and their exceptions having been overruled they excepted, and their motion for a new trial having been overruled they appeal.

The defendant, Thomas, moves to dismiss the appeal on the ground that no final judgment has been rendered by the circuit court from which an appeal will

lie. The provisions of the charter governing in such cases are as follows, Revised Statutes, 1879, page 1607, section 6: "When the commissioners shall have viewed the property, and assessed the value and damages and benefits, they shall make their return of such assessment, in writing and under oath, to the circuit court, which shall be filed by the clerk thereof. In making such report, the value and damages allowed to each owner, and the benefits assessed against each individual shall be separately stated."

Section 7. "The report of said commissioners may be reviewed by the circuit court, on written exceptions, filed by either party, in the clerk's office, within ten days after the filing of such report, and the court shall make such order therein as right and justice may require, and may order a new appraisement on good cause shown; but the hearing of such exceptions shall be summary, and the court shall fix a day therefor without delay, upon the filing of any such exceptions, or within ten days after the expiration of the time given said city to report the same to the assembly, as hereinafter provided."

Section 9. "Upon the report of said commissioners being filed in the circuit court, or with the clerk thereof, the court shall give to the city of St. Louis, upon application of the city counselor, reasonable time to report the result of the same to the assembly for its information and approval, during which time no action will be had in, or by, said court upon said report; and the city of St. Louis shall have the right, at any time before the final confirmation of said report, to dismiss and withdraw said proceedings on payment of the costs thereof. Should the city dismiss or withdraw any proceedings for condemnation after the report of the commissioners has been filed, no action for such condemnation shall be had for a period of ten years next thereafter, unless upon the petition of the owners of three-quarters of the

property fronting on the line of the proposed improvement, or upon payment, by the city, of the entire value and damages such as aforesaid."

Section 10. "When the report of the commissioners shall have been approved, or final action taken thereon by the court, the clerk of the circuit court shall make a certified copy of the report, and the final action of the court thereon, and deliver the same to the city comptroller, who shall forthwith record the same in a book to be provided for that purpose. It shall be the duty of the comptroller, as soon as the same is recorded, to furnish a copy thereof to the assembly, and the assembly shall, at its first session thereafter, make an appropriation for the payment, out of the city treasury, of all damages assessed in favor of the owners of property appropriated, and the city treasurer shall cause the same to be paid to the parties entitled thereto, respectively, or into court for their use, as provided by ordinance. Any failure of the assembly, within the time above stated to make such appropriation shall operate as a dismissal of such proceedings, and no future action for such condemnation shall be commenced for a period of ten years, except, as hereinbefore provided, in case of a dismissal by the city."

The report of the commissioners appointed in this case was filed in the circuit court on the eighth day of December, 1886. Within ten days thereafter, to-wit: On the seventeenth of December, 1886, the appellants herein filed their exceptions to such report; and no further action was taken thereon by the court until the twenty-seventh of June, 1887, thus affording the city counselor ample time to report to the assembly the action of said commissioners before the court proceeded further; at which date, the city having failed to dismiss or withdraw said proceedings, as it might have done, by payment of costs under section 9, *supra*, and said exceptions coming on to be heard, they were, on the

day last aforesaid, overruled, to which action of the court the appellants duly excepted.

That the case, at this stage of the proceedings, under the charter provision cited, was in condition for final action by the court, we think there can be no question, but the court took no such action. A motion for new trial was made and overruled, and an appeal granted without any action by the court upon the report of the commissioners, and that report remains there undisposed of. Until final action is taken by that court upon such report, there is nothing finally determined, and nothing to appeal from.

The appeal consequently being premature must be dismissed. All concur.