THE STATE *ex rel.* CAPE GIRARDEAU v. ENGELMANN.

DIVISION TWO.

1. **Municipal Corporation**: STREETS: PUBLIC NECESSITY. Where a city charter delegates to the mayor and city council authority to determine the necessity for proposed streets, an ordinance providing for opening a street is conclusive of its public necessity.

2. **Condemnation Proceeding**: PUBLIC USE: JUDICIAL QUESTION. The question whether the use is a public one is, under the constitution (art. 2, sec. 10), a judicial one, and can generally be determined from an inspection of the petition or other pleading by which the proceeding is instituted.

3. —— : —— : ——. The fact that the proposed use is not a public one can be raised at any stage of the condemnation proceeding, and, whenever the court is satisfied that the use is not a public one, the appropriation should be denied.

4. —— : —— : —— : FINAL JUDGMENT. The finding of the court that the use is a public one is a decision of one issue in the case, and is not a final determination of the proceeding.

5. —— : —— : PREMATURE APPEAL. An appeal in a condemnation proceeding pending in the recorder's court of the city of Cape Girardeau *held* to have been prematurely granted.

6. —— : —— : ——. Such appeal did not vest in the appellate court jurisdiction of the cause, nor did it divest that of the recorder.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*S. M. Green* for relator.

(1) The respondent admits the allegations in the writ contained, to-wit, "that the jury was summoned for the purpose of assessing damages and benefits; he refused to impanel and swear said jury, and overruled relator's application for condemnation of the realty

The State ex rel. Cape Girardeau v. Engelmann.

herein as provided .by law." It was his duty to proceed to condemnation. Sess. Acts, 1872, p. 328, secs. 1-7, art. 7. (2) Where cities have special charters with power to condemn real estate for public purposes, such law governs exclusively. *Plum v. City of Kansas*, 101 Mo. 525 ; *Stewart v. White*, 98 Mo. 226 ; *City of Kansas v. Baird*, 98 Mo. 215 ; *City of Springfield v. Whitlock*, 34 Mo. App. 643 ; *City of Kansas v. Ford,* 99 Mo. 91. (3) In this case appeal will not lie until the judgment be rendered on the verdict of the jury. Acts, 1872, secs. 4, 5, art. 7, pp. 340, 341. And will lie only when taken within the time and in the manner prescribed by law. *Green v. Castello*, 35 Mo. App. 127; 24 Mo. App. 555-567. Will not lie before action of the court on report of commissioners. *City of St. Louis v. Thomas*, 100 Mo. 223. Will not lie from decision of the trial court which does not involve a final disposition of the case, nor from interlocutory judgments, nor unless verdict rendered. *Railroad v. Railroad*, 94 Mo. 535 ; *City of Kansas v. Ford*, 99 Mo. 91. Appeal will not lie even for costs without final disposition. *Lore v. Newton*, 26 Mo. App. 11 ; *Beck v. Seal.* 37 Mo. App. 567; *Holdridge v. Marsh,* 28 Mo. App, 283. Even filing bond in appellate court will not give that court jurisdiction when that court had none. *St. Louis v. Thomas*, 100 Mo. 223. There must be a final judgment, before appeal. *Hobart v. McNamara*, 13 Mo. App. 578 ; *State v. Sutterfield*, 54 Mo. 391 ; *Bank v. Reilly*, 8 Mo. App. 544; *Mfg. Co. v. Thomas*, 10 Mo. App. 457, and numerous cases. If not taken in time should be stricken from docket. *Cassell v. Cassell*, 77 Mo. 371 ; *Swank v. Swank;* 85 Mo. 198 ; *Meyers v. Meyers*, 19 Mo. App. 140, and numerous cases. Appeals from recorders' court must be tried *de novo*, but there must be something to appeal from, as in conviction in misdemeanors, and not in condemnation proceedings. Acts, 1872, sec. 18, art. 4, p. 338 ; *St. Charles v. Stewart*, 49 Mo. 132. (4) *Mandamus* will lie to

require inferior courts to proceed, but will not require them to proceed in a particular way where the act involves judicial discretion; in merely ministerial acts the rule is otherwise. This proposition is universally conceded and elementary. Tappan, High and Dillon. This court has original jurisdiction in *mandamus*, and may issue alternative writs in vacation. *State v. Tracy*, 94 Mo. 219; *State v. Weeks*, 93 Mo. 499. This rule is one of expediency. The superintending control of the supreme court is as broad as the exigency of the case demands. *State ex rel. v. Phillips*, 97 Mo.

MACFARLANE, J.—An alternative writ was issued, on the petition of relator, and a return thereto is made by respondent. Upon the alternative writ and the return thereto, relator asks that the writ be made absolute. The case is thus to be determined upon the record.

It appears that Cape Girardeau is a city duly incorporated and exercising its rights and powers under an act of the general assembly of the state, approved March 29, 1872. That among others of its corporate powers is that of opening and extending, within its limits, streets and avenues for public use. Article 7 of the charter delegates to the city the power to condemn land for public streets, and points out the proceedings necessary to accomplish that end. The mayor and city council are required to determine the necessity for the proposed streets, and to provide by ordinance for opening or extending them. The proceedings for the assessment of damages and benefits are required to be conducted before the recorder, who appoints commissioners, receives their verdict, and who is required, if the verdict be not set aside, "to render judgment on said verdict condemning the property and assessing the damages."

Under article 4, section 18, of the charter, the recorder is given the "same jurisdiction as justices of

the peace within the limits of the city in state cases ;"
and " exclusive jurisdiction over all cases arising under
any ordinance of the city, subject, however, to an
appeal in all cases to the Cape Girardeau court of
common pleas, which appeals shall lie upon the
conditions imposed by the laws of the state."

An ordinance was duly passed by the mayor and
council of the city, directing proceedings to be instituted
for extending an alley, for public use, through the
lands of private persons. Proceedings were thereupon
instituted before respondent, who was recorder of said
city, and due notice was given to the persons whose
lands were to be affected by the proposed improvement.
No question is raised as to the regularity of the pro-
ceedings to this point. When the cause came on for
hearing before the recorder, and prior to the appoint-
ment of commissioners, the record shows the proceedings
to have been as follows:

"Now again on this the twenty-fourth day of June,
1891, came the parties herein by their attorneys, and
the recorder, being fully advised in regard to the *judi-
cial* question in the cause heretofore submitted and
taken under advisement, doth find that defendants are
owners of the ground described in plaintiff's petition,
sought to be condemned for the opening of an alley ;
and that it is expedient and necessary and for the public
use to have said alley as specified in said petition opened
and ground condemned ; and that a jury be impaneled to
view said ground and assess the damages and benefits.
Thereupon, the defendants, by their attorneys, present
an affidavit for an appeal in the cause, which having
been seen and heard by the recorder, it is ordered that
an appeal in this cause be granted to the Cape Girardeau
court of common pleas, and that further proceedings in
regard to the assessment of damages and benefits be
suspended."

It appears further that a transcript and the papers
in the cause were certified to said court of common

pleas, and the recorder refused to proceed further in the matter. The purpose to be attained by this writ of *mandamus* is to require the recorder to continue with the proceedings to open the street.

The controversy in this case seems to grow out of the different views entertained by the parties respecting the duty of the recorder in determining the judicial question, as to whether the street is to be opened for a public use ; and whether a judicial finding that it is so would be such a determination of the ·proceeding as would authorize an appeal.

I.   It may be suggested here that the "necessity, expediency or propriety of exercising eminent domain, and the extent and manner of its exercise, are questions of general public policy, and belong to the legislative department." Lewis on Eminent Dom., sec. 162; *Dickey v. Tennison*, 27 Mo. 373; *County Court v. Griswold*, 58 Mo. 189. The exercise of the power, in the matter of opening and extending streets, and the right to determine their necessity, have been delegated to the mayor and council of the city, and over them the recorder has no control. The ordinance of the city providing for the opening of the alley in question was conclusive as to the public necessity. *City of Kansas v. Baird*, 98 Mo. 218.

II.   The judicial question for the determination of the recorder, under section 20, article 2, of the constitution was, whether the land proposed to be taken under the power of eminent domain was to be applied to a public use. This fact can, in general, be determined by the court before which the proceeding is commenced, from an inspection of the petition, or other pleading by which it is instituted. That taking property for a public street is an appropriation for a public use, has never been questioned. Lewis, Em. Dom., sec. 166; *City of Savannah v. Hancock*, 91 Mo. 54; *City of Kansas v. Baird*, *supra*. In the former of these cases, it is said, "that the use is a public one, is manifest on

the face of the record." And in the latter case it is said: "From this record there can be no doubt but this is a proceeding to widen and extend one of the public highways of the City of Kansas, and the use to which the city seeks to put the property is a public, not a private, one. * * * The whole record shows that the use is a public one, and that is sufficient."

III. Neither the constitution nor the statute points out the manner in which the question shall be raised and determined, nor what, if any, judgment or finding shall be entered upon the record. In such case the practice should follow the rules of procedure in other civil actions, and the question could be raised, by the party whose property was to be appropriated, in the same manner as other matters involving the question of the jurisdiction of the court over the subject-matter are raised, and, if the court should become satisfied, at any stage of the proceeding, that the proposed use was not a public one, the contemplated appropriation should be denied. *Railroad v. Railroad*, 94 Mo. 543. So far as can be learned from adjudicated cases, this seems to have been the practice before and since the adoption of the constitutional provision on the subject. *County Court v. Griswold, supra; Dickey v. Tennison, supra; City of Savannah v. Hancock, supra; City of Kansas v. Baird, supra.* Hence, we think it perfectly clear that the judicial question whether the use to which private property is to be applied, in the exercise of the power of eminent domain, is a "public use," is merely one issue in the cause which is to be determined as any other controverted fact or question arising in the proceeding, and that an affirmative finding or conclusion of the court, that such use is a public one, is not a final determination of the proceeding, but a mere incident thereto.

IV. The charter of the city of Cape Girardeau gives the recorder exclusive jurisdiction over all cases ,, arising under any ordinance of the city, subject,

however, to appeal in all cases to the Cape Girardeau court of common pleas, which appeal shall lie upon the condition imposed by the laws of the state. Special jurisdiction to condemn private property for public streets is also given, but no right of appeal is expressly provided.

The general law, providing for the condemnation of property for streets, in cities, towns and villages, authorizes an appeal to be taken in the same manner and in the same time as from judgments of justices of the peace. R. S. 1889, sec. 1524. And, by section 6327, any person aggrieved by any judgment rendered by a justice may take an appeal therefrom. Thus we think provision is made for appeals from judgments of recorders in this class of cases.

Under section 5, article 7, of the charter, no judgment can be rendered by the recorder in case the use is found to be a public one, until after the verdict of the commissioners has been returned to him. An appeal can only be taken from the judgment. Consequently, the attempted appeal in this case was prematurely granted and was a nullity. *City of St. Louis v. Thomas*, 100 Mo. 223; *Railroad v. Railroad*, 94 Mo. 543; *City of Kansas v. Ford*, 99 Mo. 91.

After overruling the motion raising the question of the use to which the property was to be applied, the recorder should have continued the proceedings in the manner pointed out by the charter. The appeal being unauthorized does not vest in the appellate court jurisdiction of the cause, nor divest that of the recorder. The alternative writ is made absolute and peremptory. All concur.