Gantt, P. J.
This is an appeal from the Madison circuit court. On May 4, 1891, the said city commenced a proceeding to condemn an alley nine and one third feet wide through the land of Mrs. Houck lying between Themis and Independence streets in said city. Cape-Girardeau conducts its municipal affairs under a special charter, approved March 29, 1872. Session Laws of Mo. 1872, p. 328.
The petition, omitting caption, is as follows:
“Plaintiff for cause of action says that it is a public municipal corporation established under and by virtue of acts of the general assembly of the state of Missouri, with power and authority to sue and be sued, to plead and be impleaded, to defend and be *612 defended in all courts of law and equity and in all action whatsoever, with full power and authority to< establish, open, widen streets and alleys for public purposes within the jurisdictional limits of said limits of said city. .
“That for many years past there has been a public alley partially opened running south from Themis street, toward, but not reaching, Independence street, through the block bounded on the west by Spanish, on the south by Independence street, on the east by Main street and on the north by Themis street; that said alley was finished through said block, except through the land of Mrs. Mary H. Q-. Houck and Louis Houck, husband of said Mrs. Mary H. G-. Houck, hereinafter fully described, leaving unfinished a part of said alley at the south end of the alley as far as finished the following described grounds: From the northwest corner of Main and Independence streets run westwardly with the north line of Independence street one hundred and three (103) feet to the place of beginning, thence northwardly parallel with Main street one hundred (100) feet to the south' end of an alley, thence westwardly parallel with Independence street nine (9) and thirty-three hundredths (33-100) feet, thence southwardly parallel with Main street one hundred (100) feet to the north line of Independence street, thence eastwardly with the north line of Independence street nine (9) and thirty-three hundredths (33-100) feet to the place of beginning, said strip being at and on the south end of said alley; that said strip of ground belongs to the defendants herein, and is in said block bounded as aforesaid in range C in the city of Cape Girardeau.
“That heretofore, to wit, on the-day of-, 1890, a majority of the property holders affected by said alley petitioned the mayor and council to open *613 said alley from Themis street on the north to Independence street on the south, and the mayor and council sought to obtain the consent of defendants to the opening of said alley through their property as aforesaid, but failed to do by reason of the refusal of said owners to relinquish their title to said ground for said purpose of opening said alley as aforesaid. That the opening of said alley has been and is now a public necessity.
“That on or about the - day of March, 1891, the mayor and council passed an ordinance for the purpose of authorizing condemnation proceedings of ground for said alley in words and figures as follows:
“ ‘An ordinance providing for the condemnation, opening and establishment of an alley in range C from Independence street to Themis street in the city of Cape Girardeau, Missouri.
“ ‘Whereas, a majority of the property owners on the alley as designated on the city map in range C from Independence street to Themis street have petitioned the mayor and council that the said alley be established and opened as an alley for public uses and purposes, and
“ ‘Whereas, the mayor and council have been unable to obtain from the owners, Mrs. M. • H. G. Houck and Louis Houck, a relinquishment of sufficient ground in range C hereinafter described and as shown by the city map for the purpose of fully opening said alley for such purposes as aforesaid, and
“ ‘Whereas, the mayor and council deem it necessary and expedient that said alley be opened and established for public uses; therefore,
“ ‘Be it ordered by the mayor and council of the city of Cape Girardeau, as follows:
“ ‘Section 1. That the city attorney be, and he is hereby authorized, empowered, and requested to insti *614 tute condemnation proceedings in the recorder’s court of the city of Cape Girardeau, Missouri, under the provisions of the charter of said city and section 50, of ordinance number 363, being an ordinance entitled an ordinance regulating the practice and pleadings in the recorder’s court, approved April 29, 1882, for the purpose of condemning, opening and establishing to public use as an alley a certain piece of ground in range C as shown by the city map, running north and south and described as follows: Erom the northwest corner of Main and Independence streets run westwardly with the north line of Independence street one hundred and three (103) feet to the place of beginning, thence northwardly parallel with Main street one hundred (100) feet to the south end of an alley, thence westwardly parallel with Independence street nine and thirty-three hundredths (9 33-100) feet, thence southwardly parallel with Main street one hundred (100) feet to the north line of Independence sti’eet, thence eastwardly with the north line of Independence street nine and thirty-three hundredths (9 33-100) feet to the place of beginning, said strip of ground being of and on the southern part of said alley and belonging to Mrs. M. H. G. Houck and Louis Houck, and such condemnation proceedings shall, in all respects, conform to the requirements of the charter and ordinances relating to condemnation proceedings to the end that said alley, when so condemned, shall be established and open to public use.
“ ‘Section 2. This ordinance shall be in force and take effect from and after its passage.
(Attest) • “ ‘P. A. Hoch, Register.’
“ ‘The above and foregoing ordinance having been presented to the mayor for his approval and the same not being returned with his approval within three days, *615 said ordinance became a law, notwithstanding, under the charter of the city.
(Attest) ' “ ‘P. A. Hoch, Register.
“ ‘March 11, 1891.’
“That said ground is necessary for the opening of said alley as aforesaid.
* ‘Wherefore, thejpremises considered, plaintiff prays that the ground hereinbefore set out and described be condemned to public uses and purposes as an alley as aforesaid in accordance with the charter and ordinances in that behalf, and that the same be opened for public uses and purposes as an alley as aforesaid.”
To which defendants answered as follows:
“Now at this day come defendants and still protesting against the jurisdiction of the recorder and this proceeding had, and without waiving any of their rights herein, for answer to plaintiff’s petition says: They admit that they own some of the real estate described by plaintiff, but aver that they own and hold said real-estate in severalty and deny each and every other allegation in said petition and pray for judgment.
“And for a further'answer herein these defendants aver that the recorder of the city of Cape Girardeau has no authority or power, under the constitution of the state of Missouri, to condemn the private property of these defendants for alleged public uses until after a court of competent jurisdiction shall have judicially determined the question as to whether the contemplated use is really a public one or not. That upon the face of these proceedings it is manifest that the recorder has no jurisdiction of this cause and that the plaintiff is seeking to deprive defendants of their property without due process of law. That the ordinance under which plaintiff is now proceeding declares that this is not taken for public use, or for the good of the public, but because of the ‘petition’ of a mayor, part of the owners *616 of front along said proposed alley. That these ‘owners* are the interested parties and have requested the plaintiff to take from defendants this strip of land for their convenience and profit. Defendants therefore plead these facts in bar of plaintiff’s right to proceed herein, and pray for judgment.
“And for a further answer herein defendants say that they have caused to be constructed large and valuable business and office buildings on Main, Spanish and Independence streets and that the opening of said, alley would depreciate and destroy their property rights in and to said buildings in a large sum, to wit: the sum of $3,000. That there is no necessity for the opening of said alley and that the sole purpose for so doing is to please and make more convenient to the property owned by one or two persons in said block. That defendants’ buildings were constructed long prior to the pretended passage of said ordinance asking for the-opening of said alley, and that the city ought not now be permitted to open said alley. That if opened to the public could not and would not use said alley as a public way. They therefore pray, first, that this contemplated use for which said alley is sought to be opened, be 'judicially determined’ without the assertion of plaintiff, and, second, if said use is judicially decided to be for the public, then that they may have damages in the sum of $3,000, for the damages to said buildings and for said strip of land and for costs.
“And for a further answer herein defendants say that the opening of said alley is not for the public good or for the use of the public, but is sought to be opened for the convenience of a part of the owners of - real estate in said block. That the pretended ordinance under which plaintiff is seeking to condemn is void, and was passed by the votes of members of said couucil who are interested in the taking -of .defendants* *617 property and defendants plead this fact as a defense herein and pray for judgment.”
Replication of plaintiff is as follows:
“Now comes the plaintiff and denies each allegation in defendants’ answer contained, except the admission therein made, or any knowledge or information thereof sufficient to form a belief thereof and prays for judgment as heretofore prayed.” ,
The recorder took jurisdiction, and on June 24, 1891, held the proposed use was a public one and necessary, and thereupon, without proceeding to impanel a jury, upon the application of the defendants, said recorder granted an appeal to the Cape Grirardeau court of common pleas. The city thereupon instituted mandamus proceedings in this court to compel the recorder to proceed with said condemnation and upon a hearing this court granted a peremptory writ. State ex rel. v. Engelmann, 106 Mo. 628.
In obedience to that writ the recorder again took up the case, impaneled a jury, the damages were assessed, and judgment rendered. Thereupon an appeal was prayed and granted to the Cape Grirardeau court of common pleas, when a change of venue was awarded to the Madison circuit court. At the March adjourned term, 1893, the question of whether the proposed alley was a public use was submitted to that court for judicial determination. The question of damages was never reached. On the hearing of that issue it was admitted by respondents that Mary H. Q-. Houck and Louis Houck are husband and wife, and that Mrs. Houck inherited from her father, the late Andrew Griboney, the land described in the petition and sought to be condemned, and that she was, at the institution of the suit, and now is, the owner thereof.
Plaintiff offered all of article 6 and all of article 7 of the charter of the city, approved March 29, *618 1872. Laws, 1872, p. 328. Section 50 of ordinance of the city number 363, approved April 29, 1882, was offered, read, and is as follows:
“Section 50. Whenever it shall be necessary to condemn any real estate for public use, under any sections of article 7 of the city charter, the same shall be done by ordinance! A certified copy of said ordinance shall be filed in the office of the city recorder; and the city attorney shall thereupon file in said office a petition for the condemnation of the realty in said ordinance set out, setting outo the substance of the ordinance, date of approval of same, the name of the owner or owners of the real estate; if nonresident, this fact shall be stated; a full and complete description of the property sought to be condemned, and such other and further allegations which may be necessary to a full understanding of the whole matter, together with a prayer for condemnation óf the property for the use and purposes in the ordinance set out. The filing of this petition shall be deemed the commencement of the proceedings of condemnation, and the recorder shall be governed in this proceeding by the provisions' of this ordinance regulating the practice in civil cases, and the provisions of the charter in such cases made and provided.”
Also the ordinance of March 11, 1891, set out in the petition.
The plaintiff also placed in evidence the plat of said block 1 in range C, through which the alley runs, and the same accompanies this opinion;- and read in evidence a deed from Andrew G-iboney et al. of date December 5, 1836, conveying an alley nine and one third feet wide through the two west tiers of lots laid out from Themis street to the middle of the channel of Spring branch.

*619

*620 Plaintiff rested and thereupon the defendants prayed the following instruction:
“The court instructs the court sitting to try the question of the necessity of the alley in question, that under the evidence the plaintiff can not recover on the ground said proposed alley is a necessity, or is to be condemned for public use.”
The court gave said instruction to which appellant-then and there excepted.
I. When the mandamus proceeding was before this court in State ex rel. v. Engelmann, 106 Mo. 628, we held that the necessity, expediency, or propriety of exercising eminent domain, and the extent and manner of its exercise, are questions of general public policy and belong to the legislative department, and that the ordinance of the city providing for the opening of this alley was conclusive as to the public necessity. We adhere to that view. At the same time we held that the judicial question for determination under section 20, article 2, of the constitution was whether the land proposed to be taken was to be applied to a public use and that this could be determined from an inspection of the record. We all agree that'the whole record showed it was a public use. It follows that the instruction given at the instance of respondent was error. City of Kansas v. Baird, 98 Mo. 218; In re Independence Ave., 128 Mo. 272.
Perhaps we ought to stop here, and would but for the contention of counsel for respondent that while the record shows no other grounds but those set out in the instruction, yet, as a matter of fact, the court really held that section 50 of ordinance 363 and the ordinance of March 11, 1891, utterly failed to comply with sections 6 and 7 of the charter.
Inasmuch as the case must go back for hearing, we have considered these two ordinances and we think *621 they were sufficient. It was unnecessary for section 50 of the special ordinance to recapitulate the provisions of the charter. The special ordinance of March 11, 1891, specifically set out the land, the owner, and the purpose of the condemnation and asked for a judgment. Section 50 then provided that when the petition was filed the proceeding was commenced and the recorder should be governed by the charter provisions in such cases made and provided. More than this would have been a waste of paper and time, and useless surplusage. The judgment is reversed and the cause remanded with directions to proceed in conformity with these views.
Burgess and Sherwood, JJ., concur.